IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES DRAUCKER,      : | |
|     Plaintiff      : | |
|     v.      : | Case No. 3:23-cv-133-KAP |
| COMMONWEALTH OF      : | |
| PENNSYLVANIA, *et al.*,      : | |
|     Defendants      : | |

<u>Memorandum Order</u>

The 11-page filing with a 21-page exhibit docketed by the Clerk as a Motion to Issue Stay of Proceedings and Motion for Temporary Restraining Order at ECF no. 13 is denied.

There is no legal authority for filing a complaint and then seeking to stay it. Complaints do not act as placeholders for claims that may someday have a factual basis. *See* <u>Edwards v. Balisok</u>, 520 U.S. 641, 649 (1997)(a civil rights claim either is cognizable and should go forward, or it is not cognizable and should be dismissed.)

It is possible that plaintiff's fractured syntax meant that he wants this court to stay the Clearfield County proceedings, since what plaintiff calls a TRO seems to be release on bail pending what would have to be a habeas corpus proceeding. In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions. A constitutional challenge, without more, is not an extraordinary circumstance.  *See* <u>New Orleans Pub. Serv., Inc. v. Council of City of New Orleans</u>, 491 U.S. 350, 365 (1989).

But whichever meaning plaintiff intended, there is no showing of exceptional circumstances warranting bail. *See* <u>Landano v. Rafferty</u>, 970 F.2d 1230, 1238–42 (3d Cir. 1992).

DATE:  August 4, 2023

                                       Keith A. Pesto,
                                       United States Magistrate Judge

Notice by U.S. Mail to:

    James Draucker 23-262
    Clearfield County Prison
    115 21st Street
    Clearfield, PA 16830